IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DENNIS WY           §
                    §
    Petitioner,     §
                    §
VS.                 §
                    §   NO. 3-08-CV-1894-G
DAVID BERKEBILE, Warden §
FCI Seagoville      §
                    §
    Respondent.     §

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Dennis Wy, a federal prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust administrative remedies.

I.

In 2007, petitioner was convicted on federal child pornography charges and sentenced to 27 months confinement. His projected release date is May 2, 2009.[1] Due to the nature of his offense, petitioner alleges that he is subject to a policy promulgated by the Bureau of Prisons ("BOP") that categorically limits the amount of time he may be recommended for placement in a halfway house or a Community Corrections Center ("CCC"). According to petitioner, this unidentified policy violates the Second Chance Act of 2007, Pub. L. No. 110-199 (Apr. 9, 2008), which requires the BOP to make placement decisions on an individualized basis consistent with the following statutory factors:

---

[1] *See* Official Website of the Federal Bureau of Prisons, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=Dennis&Middle=&LastName=Wy&Race=U&Sex=U&Age=&x=72&y=15 (last visited Dec. 1, 2008).

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Petitioner further alleges that the BOP policy is arbitrary, capricious, and violates the *ex post facto* clause of the United States Constitution.

On October 23, 2008, petitioner filed an application for writ of habeas corpus in federal district court. Four days later, petitioner filed a motion to waive the further exhaustion of administrative remedies. After reviewing the pleadings, including petitioner's answers to interrogatories, the court determines that his motion to waive the exhaustion requirement should be denied and that this action should be dismissed without prejudice for failure to exhaust administrative remedies.

## II.

A federal prisoner must typically exhaust administrative remedies before seeking habeas relief in federal court. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The Supreme Court has long recognized that exhaustion "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy v. Madigan*, 503 U.S. 140, 145, 112 S.Ct. 1081, 1086, 117 L.Ed.2d 291 (1992). These concerns apply with particular force "when the action

under review involves exercise of the agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise." *Id.*, 112 S.Ct. at 1086 (citing cases). "When an agency has the opportunity to correct its own errors, a judicial controversy may well be mooted, or at least piecemeal appeals may be avoided." *Id.* at 1086-87 (citing cases). *See also Garner v. U.S. Dep't of Labor*, 221 F.3d 822, 825 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1230 (2001). The exhaustion requirement applies to habeas proceedings brought by inmates challenging the denial of placement in a halfway house or CCC. *See Copeland v. Berkebile*, No. 3-07-CV-1148-B, 2008 WL 68737 at *3-4 (N.D. Tex. Jan. 7, 2008).

The BOP has established a multi-tiered Administrative Remedy Program whereby inmates can "seek formal review of an issue relating to any aspect of [their] own confinement." 28 C.F.R. § 542.10(a). First, the inmate must present his particular complaint to the prison staff and attempt to resolve the issue in an informal manner. *Id.* § 542.13(a). If the complaint cannot be resolved informally, the inmate must file a formal written Administrative Remedy Request, BP-9, with the prison warden. *Id.* § 542.14. Any adverse decision by the warden must be appealed to the appropriate BOP Regional Director by filing a BP-10 form. *Id.* § 542.15(a). The final step in the administrative review process is a BP-11 appeal to the Office of General Counsel. *Id.* An inmate may seek relief in federal court only after he exhausts all levels of administrative review. *See Molloy v. Berkebile*, No. 3-06-CV-1799-R, 2007 WL 30252 at *1 (N.D. Tex. Jan. 4, 2007), *citing Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir. 1977).

Notwithstanding the sound principles underlying the exhaustion doctrine, there are at least three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion:

(1) where there is an unreasonable or indefinite timeframe for administrative action;

(2) where an agency lacks authority to grant effective relief; and

(3) where exhaustion would be futile because the administrative body is biased or has otherwise predetermined the issue.

See *McCarthy*, 112 S.Ct. at 1087-88. However, these exceptions apply only in extraordinary circumstances. See *Fuller*, 11 F.3d at 62 (citations omitted). A prisoner bears the burden of establishing his entitlement to one or more of the exceptions. *Id.*; *see also Molloy*, 2007 WL 30252 at *2. Where a prisoner concedes that he has failed to exhaust his administrative remedies, a court may use its inherent power to dismiss a habeas petition *sua sponte*. See *Korobov v. Angeli*, No. 1-CV-07-1274, 2008 WL 2787874 at *1 (M.D. Pa. Jul. 17, 2008), citing *Ray v. Kertes*, 285 F.3d 287, 293 n.5 (3d Cir. 2002).[2]

III.

Petitioner alleges that he filed an informal complaint with his case manager, two BP-9 requests with the prison warden, and two BP-10 appeals with the BOP Regional Director. (*See* Mag. J. Interrog. #1). While conceding that he never filed a BP-11 appeal with the Office of General Counsel, (*see id.* #1 & 2), petitioner urges the court to exercise its discretion to consider his claim on the merits. The court declines the invitation as petitioner has not established any exception to the exhaustion requirement.

---

[2] Although the Supreme Court has held that the failure to exhaust administrative remedies must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA"), see *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007), the PLRA does not apply to federal habeas proceedings. Nothing in *Jones* prohibits the *sua sponte* dismissal of a section 2241 petition on exhaustion grounds. See *Korobov*, 2008 WL 2787874 at *1.

A.

First, there is no evidence of an unreasonable or indefinite timeframe for administrative action. To the contrary, BOP regulations establish a procedure for resolving administrative remedy requests in a timely fashion. If a complaint cannot be resolved informally, the inmate may submit a formal written request to the prison warden. 28 C.F.R. § 542.13. The warden has 20 days to respond to the formal request. *Id.* § 542.18. If the inmate is not satisfied with the response, he can appeal to the BOP Regional Director within 20 calendar days of the date the warden signed the response. *Id.* § 542.15(a). Such an appeal must be decided within 30 days. *Id.* § 542.18. If the inmate is not satisfied with the decision of the BOP Regional Director, he may appeal to the Office of General Counsel within 30 calendar days of the date the Director signed the response. *Id.* § 542.15(a). Any such appeal must be decided within 40 days. *Id.* § 542.18. In his interrogatory answers, petitioner states that the BOP Regional Director rejected his two BP-10 appeals on July 28, 2008 and September 2, 2008, respectively. (*See* Mag. J. Interrog. #1). However, instead of appealing to the Office of General Counsel within 30 calendar days of receiving responses to his BP-10 appeals, petitioner filed this action in federal court on October 23, 2008--long after the expiration of the 30-day deadline for appealing the Regional Director's decision. Had petitioner diligently pursued his administrative remedies, he could have satisfied the exhaustion requirement before seeking federal habeas relief. *See Castano v. Everhart*, 235 Fed. Appx. 206, 208, 2007 WL 1493877 at *1 (5th Cir. May 21, 2007) (affirming dismissal of section 2241 petition on exhaustion grounds where prisoner was responsible for delay in administrative review process).

B.

Nor has petitioner shown that the BOP lacks authority to review him for placement in a halfway house or CCC. The Attorney General has vested the BOP with authority to determine the

appropriate length of time an inmate should serve in a community correctional facility, not to exceed 12 months. *See* 18 U.S.C. §§ 3621(b) & 3624(c)(1). If the BOP has failed to evaluate petitioner for such placement according to the Second Chance Act of 2007, it has authority to correct that error and should be permitted to do so. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention).

C.

Finally, the court is not convinced that exhaustion would be futile. Although petitioner contends that the BOP Regional Director "did not know my request was for the Second Chance Act and assumed it was for RDAP release," (*See* Mag. J. Interrog. #2), he offers no evidence to substantiate that claim. To the contrary, documents submitted by petitioner show that prison officials were fully aware of the nature of his complaint. In response to petitioner's informal grievance, his case manager responded:

> Pre-release RRC placement decisions will be made on an individual basis in every inmate's case according to new criteria identified in the Second Chance Act signed into law on April 9, 2008. This criteria includes the five-factors set out in 18 U.S.C. § 3621(b). You will be contacted by the Unit Team for your scheduled review.

(Pet. Mot., Exh. D). The same answer was given by the prison warden in response to petitioner's BP-9 administrative remedy request. (*Id.*, Exh. B). That petitioner believes these responses are "templated messages" does not mean that prison officials ignored or misunderstood his requests for review. *See Copeland*, 2008 WL 68737 at *3 ("Administrative remedies are not rendered unavailable [ ] merely because the inmate disagrees with the response or views the response as non-responsive."). Even if the BOP is likely to deny relief, it does not make exhaustion futile. *See Molloy*, 2007 WL 30252 at *2, *citing Green v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989) ("No doubt

denial *is* the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion.").

## RECOMMENDATION

Petitioner's motion to waive further exhaustion of administrative remedies [Doc. #2] should be denied. His application for writ of habeas corpus [Doc. #1] should be dismissed without prejudice for failure to satisfy the exhaustion requirement.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 3, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE